# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2020

No. 19-30598
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK ANTHONY FELTON, also known as Fat Bastard,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-171-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Derrick Anthony Felton appeals the 262-month prison term and five-year term of supervised release imposed on his guilty plea conviction for conspiracy to distribute narcotics. *See* 21 U.S.C. §§ 841(a), 846. Concluding that the district court did not clearly err in assigning Felton a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c), we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30598

Under § 3B1.1(c), the base offense level increases by two if the defendant was an organizer, leader, manager, or supervisor in a criminal activity involving fewer than five participants and being not otherwise extensive, such as the one in the instant case. *See United States v. Perkins*, 105 F.3d 976, 980 (5th Cir. 1997). Section 3B1.1(c) "is inclusive and calls for the same 2-level adjustment regardless of the specific aggravating role held by the defendant." United States Sentencing Commission Aggravating and Mitigating Role Adjustments Primer §§ 3B1.1 & 3B1.2, p.8.

Although the district court did not specify his aggravating role, we conclude, in view of the facts and our precedent, that Felton was a manager. *See United States v. Miranda,* 248 F.3d 434, 447 (5th Cir. 2001); *accord United States v. Delgado,* 672 F.3d 320, 345 (5th Cir. 2012) (en banc). The uncontradicted presentence report (PSR) adopted by the district court recounted that investigative materials and the stipulated factual basis showed that Felton acquired all the co-conspirators' drugs by traveling to California to buy large quantities of methamphetamine, which he arranged to have delivered at various places in Louisiana so that he could distribute some to co-conspirators and keep some for his own sales. Also, the uncontradicted PSR addendum pointed out that substantial amounts of drugs and cash were found in Felton's residence, together with partially burned postal service boxes and vacuum sealed bags. Retrieved text messages showed that the drugs made it to Louisiana because of Felton's coordination and negotiation. In gist, Felton managed how the co-conspirators' acquired the drugs that gave life to the conspiracy. *See Miranda,* 248 F.3d at 447. Thus, as enhancement was not clear error, we affirm. *See United States v Curtis*, 635 F.3d 704, 720-21 (5th Cir. 2011); *United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002).

AFFIRMED.